FILED

1  ARSHAK BARTOUMIAN (SBN 210370)
   OMNIA LEGAL, INC
   124 W STOCKER ST STE B
2  GLENDALE, CA 91202
   TEL. 818-532-9339
3  DISPUTES@OMNIALEGAL.ORG

2012 APR 12  PM 12: 44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

Attorney for Plaintiff Loretta Khachatryan

BY _____

2012 APR -9

CLERK U.S. DISTRICT
CENTRAL DIST.
LOS ANGELES

LODGED

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

7

LORETTA KHACHATRYAN, an individual,

8       **PLAINTIFF,**

9               vs.

10 UNITED RECOVERY SYSTEMS, LP A Texas Limited
   Partnership
11 CREDITORS FINANCIAL GROUP, LLC, A New
   York Limited Liability Company
12 CLIENT SERVICES, INC, A Missouri Corporation
   FMS INCORPORATED, An Oklahoma Corporation
13 NORTHLAND GROUP, INC, A Minnesota
   Corporation
14 ENHANCED RECOVERY COMPANY, LLC, A
   Delaware Limited Liability Company
15 CAC FINANCIAL CORP, An Oklahoma Corporation
   CREDIT CONTROL, LLC, A Missouri Limited
16 Liability Company
          **DEFENDANTS.**
17

Case No. **CV12-3084~R**

**COMPLAINT FOR DAMAGES**  (FFMx)

18

19      Now comes the Plaintiff, Loretta Khachatryan, (hereinafter "Plaintiff") through her

20 attorney on record Arshak Bartoumian and brings her Complaint against UNITED RECOVERY

21 SYSTEMS, LP, (hereinafter "UNITED"), CREDITORS FINANCIAL GROUP, LLC (hereinafter

22 "CREDITORS"), CLIENT SERVICES, INC (hereinafter "CLIENT"), FMS INCORPORATED

23 (hereinafter "FMS"), NORTHLAND GROUP, INC (hereinafter "NORTHLAND"), ENHANCED

24 RECOVERY COMPANY, LLC (hereinafter "ENHANCED"), CAC FINANCIAL CORP

25 (hereinafter "CAC") and CREDIT CONTROL, LLC (hereinafter "CREDIT") collectively known as

26 DEFENDANTS, for violations of Fair Debt Collection Practices Act [15 U.S.C. §1692-1692p]

27 ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act [California Civil Code

28 §1788 et seq.] ("RFDCPA"), Fair Credit Reporting Act [15 U.S.C. §1681 et seq.] ("FCRA"),

California's Consumer Credit Reporting Agencies Act [California Civil Code §1785.2 et seq.] ("CCRAA"), and for defamation by libel and invasion of privacy/false light, alleging as follows:

## PRELIMINARY STATEMENT

1. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses [15 U.S.C. §1692(a)-(e)].

2. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer. [Baker v. G.C. Services Corp., 677 F.2d 775, 778 (9th Cir. 1982); Swanson v. Southern Oregon Credit Service, Inc. 869 F.2d 1222, 1227(9th Cir.1988)]. This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd … the ignorant, the unthinking and the credulous." [Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2nd Cir. 1993)].

3. To prohibit deceptive practices the FDCPA, at 15 U.S.C. §1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. §1692e(1)-(16). To prohibit harassment and abuses by debt collectors, the FDCPA, at 15 U.S.C. §1692d, further provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain

per se violations of harassing and abusive collection conduct. 15 U.S.C. §1692d(1)-(6).

4. The FDCPA also prohibits, at 15 U.S.C. §1692c, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, communication by a debt collector in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

5. The RFDCPA regulates collection agencies and original creditors attempting to collect debts on their own behalf. The California legislature has determines that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

6. Congress enacted the FCRA to establish consumer rights to privacy over their credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting." FCRA provides several protections for consumers, including but not limited to the right to be notified of any negative/unfavorable information reported in their name and the right to dispute inaccurate, outdated, incomplete or otherwise unfairly reported information on their credit file.

7. The FCRA, under CONGRESSIONAL FINDINGS AND STATEMENT OR PURPOSE, 15 U.S.C. §1681(a)(4) reads in relevant part:

8. *"There is a need to insure that consumer credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and **a respect for the consumer's right to privacy.**"* (Emphasis added.)

9. The FCRA, under CONGRESSIONAL FINDINGS AND STATEMENT OF PRUPOSE, 15 U.S.C. §1681(b) reads in relevant part;

10. "*Reasonable procedures. It is the purpose of this title to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable **to the consumer** with regard to the **confidentiality,** accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title.*" (Emphasis added.)

11. The statute governing "permissible purposes of consumer reports," FCRA 15 U.S.C. §1681b, provides in pertinent part:

12. "*(a) In general. Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances **and no other:**"* (Emphasis added.)

13. Thus, the strictly limited provisions set forth in section 1681b operate to support the **confidentiality** of consumer reports by limiting their dissemination.

14. FCRA regulates credit reporting agencies as well as creditors, collection agencies and other parties who provide information to credit reporting agencies and/or obtain and use the consumer credit reports. FCRA Section 604, 15 U.S.C. §1681b, identifies the permissible purposes allowed under the act for conducting credit reviews on consumers.

15. FCRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o, create private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit. In DiMezza v. First USA Bank, Inc., supra, the court confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information."

16. CCRAA was implemented to protect the credit information of California

consumers. CCRAA also regulates consumer credit reporting agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code §1785.25-1785.26 refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

17.     Similar to FCRA Section 604, 15 U.S.C. §1681b, California Civil Code §1785.11 identifies the lawful reasons that would allow for a credit review on any given consumer.

18.     CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their rights and their credit, and to seek monetary damages. California Civil Code §1785.19 and §1785.31.

19.     *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may replead their FCRA claims as violations of the CCRAA and that the state claims are not preempted by FCRA. In further support, courts have uniformly rejected creditors' and consumer reporting agencies' arguments that the FCRA bars state law claims. See Sehl v. Safari Motor Coaches, Inc., 2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001)(for detailed discussion); Harper v. TRW, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); Rule v. Ford Receivables, 36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999); Watkins v. Trans Union, 118 F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000); Swecker v. Trans Union, 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998); Saia v. Universal Card Svc., 2000 U.S.Dist.Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); Sherron v. Private Issue by Discover, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss. 1997); Hughes v. Fidelity Bank, 709 F. Supp.2d 639 (U.S.D.C. E.D. Pa. 1989).

## JURSDICTION, VENUE, AND DEMAND FOR JURY TRIAL

1.  Jurisdiction of this court arises pursuant to *15 U.S.C. §1962k(d),* which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy." This Court also has jurisdiction of the federal claims asserted pursuant to 28 U.S.C. §1331 and supplemental jurisdiction of the state law claims asserted pursuant to 28 U.S.C. §1367(a).

2.  Defendant regularly conducts business in the state of California, and therefore, personal jurisdiction is established.

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391 because Defendant conducts business in this district and many of the events occurred in this district. Further, Plaintiff resides in this district.

4.  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedures, Plaintiff hereby demands a jury trial on any and all issues qualified for a jury trial.

### PRIVATE RIGHT OF REMEDY

20. 15 U.S.C §1692k(a) states that "… any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of-."

21. Cal. Civ. Code §1788.30(a) states that "any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action…"

22. 15 U.S.C. §1681n and §1681o refer to consumers' ability to bring civil liability action against users/furnishers of information for willful and negligent noncompliance respectively, with regards to any provision of the FCRA.

23. *Gorman v. MBNA America Bank, N.A., No. 06-17226* further established that consumers are entitled to a Private Remedy against Furnishers for noncompliance with their obligations enforced under FCRA §1681s-2(b).

24. California Civil Code §1785.15(f) states that consumers "have a right to bring civil action against anyone […], who improperly obtains access to a file, knowingly or willfully

misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report.

25. California Civil Code §1785.31(a) states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following."

## **PARTIES**

5. Plaintiff is an individual, and at all times relevant herein, was a resident of Los Angeles County, California.

6. Plaintiff is a consumer as defined in 15 U.S.C. §1681a (c) and California Civil Code §1785.3(b).

7. "UNITED" is a Texas Limited Partnership.

8. "CREDITORS" a New York Limited Liability Company.

9. "CLIENT" is a Missouri Corporation.

10. "FMS" is an Oklahoma Corporation.

11. "NORTHLAND" is a Minnesota Corporation.

12. "ENHANCED" is a Delaware Limited Liability Company.

13. "CAC" is an Oklahoma Corporation.

14. "CREDIT" is a Missouri Limited Liability Company.

15. Defendants regularly conduct business in the State of California.

16. Defendants are debt collectors as defined in *15 U.S.C. §1692a(6)*and *Cal. Civ. Code §1788.2(c)*.

17. Defendants are persons as defined in 15 U.S.C. §1681a (b) and California Civil Code §1785.3(j).

18. Whenever this complaint alleges that any defendant did any act or thing, it is meant that it, it's directors, officers, agents, employees, or the directors, agents or employees of its subsidiaries, performed or participated in such act or thing, and in each instance that such

act or thing was authorized or ratified by, and done on behalf of and under the direct control of that defendant.

26.   Plaintiff is informed and believes and on that basis alleges that Defendant is responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendant or as its agents, servants, employees and/or joint venturers and as set forth in this Complaint, and that each of them is legally liable to Plaintiff, as set forth below and herein:

   a.   Said Officers, directors or managing agents of Defendant personally acted willfully with respect to the matters alleged in this Complaint;

   b.   Said Officers, directors or managing agents of Defendant personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendant did so act;

   c.   Said Officers, directors or managing agents of Defendant personally participated in the acts alleged herein of Defendant;

   d.   Said Officers, directors or managing agents of Defendant personally had close supervision of their agents, servants, employees and/or joint venturers of Defendant;

   e.   Said Officers, directors or managing agents of Defendant personally were familiar with the facts regarding the matters alleged herein;

   f.   Said Officers, directors or managing agents of Defendant personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendant failed and refused to punish or discharged the said agents, servants, employees and/or joint venturers of Defendant, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendant.

27.   Defendant is liable to Plaintiff for the relief prayed for in this Complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendant was expressly authorized or ratified.

## FACTUAL ALLEGATIONS

1.     Plaintiff who is not a minor alleges that the foregoing events, starting from date of discover of the credit inquiries made by Defendants, which are the subject to this complaint, occurred within the past one year.

2.     In or around October 2011 Plaintiff obtained her credit bureau reports from CRAs and was shocked to find that her personal financial and credits information were pulled and reviewed by "UNITED" on December 18, 2009, by 'CREDITORS" on February 12, 2010, "CREDIT" on July 22, 2011, by "CLIENT" on April 1, 2010 and May 7, 2010, by "FMS" on April 7, 2011, by "NORTHLAND" on October 8, 2010, by "ENHANCED" on August 11, 2010 and by "CAC" on May 25, 2010, all without Plaintiff's knowledge and authorizations.

3.     Upon research and review of companies profiles available online, Plaintiff learned that Defendants are a collection agencies that are in the business of collecting consumer debts.

4.     Upon information and belief, at some point Defendants must have tried to purchase debts alleged to be owed by Plaintiff, considered purchasing debts alleged to be owed by Plaintiff, or looked into Plaintiff's history as a potential debtor for overdue and unsatisfied account balances to collect on. At no point prior to the credit reviews did Plaintiff know of any such debts confirmed or alleged by Defendants to be the responsibility of Plaintiff.

5.     Defendants violated 15 U.S.C. §1681 by running credit inquiries into Plaintiff's consumer credit reports maintained by and with one or more of the three major credit reporting agencies, Experian, Equifax and Transunion (hereinafter "CRAs"), without Plaintiff's knowledge and authorization, and without having permissible purposes for conducting a credit reviews as defined under §1681b of the above cited title.

6.     Specifically, by "UNITED" on December 18, 2009, by 'CREDITORS" on February 12, 2010, "CREDIT" on July 22, 2011, by "CLIENT" on April 1, 2010 and May 7, 2010, by "FMS" on April 7, 2011, by "NORTHLAND" on October 8, 2010, by "ENHANCED" on August 11, 2010 and by "CAC" on May 25, 2010. Defendants violated 15 U.S.C.

§1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff. Plaintiff had not requested reports from Defendants for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section. Defendants' credit reviews resulted in credit inquiries, which are reflecting on Plaintiff's credit reports until today.

28. At or about the time Defendants initiated the credit pulls of Plaintiff's consumer report:

    a.  Plaintiff did not authorize consumer reporting agency to furnish her consumer report to Defendants.

    b.  Plaintiff did not authorize Defendants to obtain her consumer reports from consumer reporting agencies.

    c.  Plaintiff did not apply for any credit, loans or services with Defendants.

    d.  Plaintiff did not have any contractual relationship for credit, loans or services with Defendants.

    e.  Plaintiff did not owe any debts to any of Defendants.

    f.  Plaintiff did now owe any debt as the result of a judgment to any of Defendants.

    g.  Plaintiff did not apply for any employment with Defendants.

    h.  Plaintiff did not apply for any insurance from Defendants.

    i.  Plaintiff did not have any existing account(s) within the meaning the Electronic Fund Transfer Act ("EFTA") §903(2), pursuant 15 U.S.C. §1681a(f)(4). "the term '*account*' means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an 'open end credit plan' as defined in section 1602(i) of this title), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement." (Emphasis added) "the terms '*open end credit plan*' and '*open end consumer credit plan*' mean a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance." (Emphasis added) or credit obligation with Defendants.

    j.  Plaintiff did not have any jurisdiction issued any order to credit reporting agencies to furnish Plaintiff's consumer report to Defendants.

    k.  No head of State or local child support enforcement agency requested credit reporting agencies to provide Plaintiff's consumer reports to Defendants.

l.  No agency administering a State plan under Section 454 of the Social Security Act (42 U.S.C. Section 654) requested credit reporting agencies to provide Plaintiff's consumer report to Defendants.

m.  Plaintiff did not apply for any license or other benefit granted by a government instrumentality through Defendants.

n.  Plaintiff did not receive any "firm offer of credit or insurance" from Defendants.

7.  Defendants violated 15 U.S.C. §1681 by ignoring Plaintiff's written disputes and requests for proof that the credit inquiries were run for a purpose recognized by law.

8.  Defendants conducted the above described credit reviews of Plaintiff's records without communicating to him of any debts and confirming the validity of any such alleged debts, even if such alleged debts did exist and were in their possession for collections.

9.  On or about October, 2011 Plaintiff sent letters to each credit reporting agency, addressing the unauthorized credit reviews and requesting deletion of the credit inquiries from Plaintiff's credit files, unless Defendants could provide and support a justifiable purpose for conducting the disputed credit reviews.

10.  On or about October 13 and 27, 2011 Plaintiff sent letters to each individual defendant requesting their permissible purposes per FCRA.

11.  Defendants failed to answer Plaintiff's request and failed to delete the credit inquiries to avoid further damage to Plaintiff's credit records.

12.  On or about November 4, 2011 Plaintiff sent a follow up letters to Defendants, addressing their failure to respond or take appropriate corrective action with respect to Plaintiff's initial of disputes and detailed of notice of all their violations.

13.  To date, after multiple correspondences, Defendants still continues to maintain the record of unauthorized credit inquiries on Plaintiff's credit records.

14.  As a result of Defendants' conduct, Plaintiff has suffered:

a.  Actual damages and serious financial harm arising from monetary losses relating to denials to new credit, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges;

b. Out of pocket expenses associated with communicating with Defendant, disputing the unauthorized credit inquiry, as well as consultation fees paid to attorneys and other professionals to obtain information and advice about consumer rights credit reporting and use;

c. Emotional distress and mental anguish associated with having her credit information unlawfully reviewed and having derogatory information transmitted about Plaintiff to other people both known and unknown;

d. Decreased credit score and creditworthiness, which may result in inability to obtain credit, employment or housing on future attempts.

### FIRST CLAIM FOR RELIEF
**(Violations of FDCPA)**

15. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

16. In committing the acts against Plaintiff as alleged above, Defendants subjected Plaintiff to unfair debt collection practices. Their violations include at least the following:

   a) Failing to provide notice of debts to Plaintiff, complete with all required disclosures, per 15 U.S.C. §1692e (11).

   b) Failing to provide written notices of Plaintiff's right to verification and information about their alleged debts, per 15 U.S.C. §1692g(a);

   c) Using false representations and deceptive means to collect or attempt to collect an alleged debts, in violations of 15 U.S.C. §1692e(10);

   d) Using unfair and/or unconscionable means to collect an alleged debts, in violation of 15 U.S.C. §1692f;

17. As a consequence of such violations, Plaintiff has sustained special and general damages according to proof, in addition to attorney's fees and costs as determined by the court pursuant to 15 U.S.C. §1692k.

### SECOND CLAIM FOR RELIEF
**(Violations of RFDCPA)**

18. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

19. In committing the acts against Plaintiff as alleged above, Defendants subjected Plaintiff to unfair debt collection practices. Their violations include at least the following:

   a)   Using false representations and deceptive means to collect or attempt to collect alleged debts, in violation of California Civil Code §1788.17;

   b)   Using unfair and/or unconscionable means to collect alleged debts, in violation of California Civil Code §1788.17;

20. As a result of these violations of the California's Fair Debt Collection Practices Act by Defendants, Plaintiff has suffered general and special damages according to proof, and is entitled to a statutory penalty for each separate violation of this Act, as well as punitive damages against all Defendants for conduct amounting to oppression and malice under California law, pursuant to California Civil Code §1788.30. Additionally, Plaintiff is entitled to attorney's fees, costs and expenses under this law.


**THIRD CLAIM FOR RELIEF**
**(Violations the FCRA)**

21. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

22. In committing the acts against Plaintiff as alleged above, Defendants subjected Plaintiff to unfair credit reporting practices. Their violations include at least the following:

   a)   Obtaining and reviewing Plaintiff's credit report from CRA's without having permissible purpose required under 15 U.S.C. §1681b.

23. Based on information and belief, the credit reviews and the credit inquiries were used as collection tactics by Defendants with intent to obtain information and thereby unfair advantage over Plaintiff and/or harm Plaintiff's good name and credit rating. Thus, the credit review inquiries, while a clear violation of fair credit reporting laws, based on the circumstances of this case also constitute unlawful collection attempts under Federal and

State Fair Debt Collection Practices Acts. The accusations stated in this cause of action directly relate to the allegations asserted throughout this Complaint.

24. As a result of these unauthorized actions by the Defendant mentioned above, Plaintiff has suffered damages and is entitled to actual damages, punitive damages as the court may allow, as well as reasonable costs and attorney's fees pursuant to 15 U.S.C. §1681(n).

## FOURTH CLAIM FOR RELIEF
### (Violations of CCRAA)

25. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

26. In committing the acts against Plaintiff as alleged above, Defendants subjected Plaintiff to unfair credit reporting practices. Their violations include at least the following:

   a) Obtaining and reviewing Plaintiff's credit report from CRA's without having permissible purpose required under California Civil Code §1785.11.

27. As a result of these unauthorized actions by the Defendants mentioned above, Plaintiff has suffered damages and is entitled to actual damages, punitive damages as the court may allow, injunctive relief ordering deletion of the credit inquiries and refraining Defendants from future credit reviews conducted on Plaintiff pursuant to Cal. Civ. Code §1785.31.

## FIFTH CLAIM FOR RELIEF
### (Defamation-Libel)

28. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

29. The credit inquiries made by Defendants are defamatory because the general public and credit grantors in particular, recognize collection agencies and presume that when a collection agency pulls and reviews a consumer's credit file, there must exist a valid claim of debt owed by the consumer to such collection agency, regardless of the circumstances under which the inquiry was made.

30. The credit inquiries create a presumption of delinquencies and an overall poor fiscal responsibility, damaging Plaintiff's credit rating and her ability to secure and utilize

credit and maintain good relationships with creditors.

31.   The credit inquiries constitutes libel per se in that it clearly exposed, and continues to expose, Plaintiff to ridicule and tend directly to injure him by portraying him as a delinquent and a poor credit risk.

32.   Plaintiff has been damaged by loss of reputation, shame, and embarrassment, as well as having suffered severe emotional distress.

33.   Based on information and belief Plaintiff alleges that in doing the foregoing acts, the Defendants acted in willful disregard for the consequences of their actions and the effects on the Plaintiff and her credit, and did so intentionally and willfully, with malice, and with the intent to injure and/or oppress Plaintiff.

## SIXTH CLAIM FOR RELIEF
### (Invasion of Privacy/False Light)

34.   Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

35.   Defendants' above actions violated Plaintiff's right of privacy by impermissibly accessing Plaintiff's most private information and placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

36.   By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Defendants invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

37.   The conducts of Defendants were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the

Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## PRAYER FOR RELIEF

38.     Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

39.     Plaintiff contends that the actions of the Defendants constituted willful violations of the Fair Debt Collection Practices Act, Rosenthal Fair Debt Collection Practices Act, Fair Credit Reporting Act and Consumer Credit Reporting Agencies Act.

40.     A judicial declaration that the conduct of Defendants violated applicable statutes is not just and appropriate.

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the Defendants as follows:

1.      Statutory Damages and/or

Actual and General Damages sustained by Plaintiff in an amount to be proven at trial, pursuant to California 15 U.S.C. §1692k(a)(1) and/or California Civil Code §1788.30(a), and 15 U.S.C. §1681n(a)(1) and (b).

2.      Injunctive relief instructing Defendants to delete the unlawfully made credit inquiries from Plaintiff's credit reports.

3.      Costs and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k(a)(3) and/or California Civil Code §1788.30(c), and 15 U.S.C. §1681n(a)(3) and (c).

4.      Punitive damages pursuant to California Civil Code §1788.30(b) and 15 U.S.C. §1681n(a)(2) as the court may allow.

5.      Any other further damages this Honorable Court finds just and proper.

DATED: March 26, 2012                          Respectfully submitted

                                               By: _____

                                               Arshak Bartoumian, Attorney For Plaintiff

## **VERIFICATION**

I, Loretta Khachatryan, am the Plaintiff in the above entitled action. I have read the foregoing complaint. The facts stated herein are within my knowledge and are true and correct, except those matters stated on information and belief, and, so to those, I believe them to be true and correct. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed: March 26, 2012 at Glendale, California.

By: _____

Loretta Khachatryan, PLAINTIFF

1    I, Loretta Khachatryan, have suffered from the following due to, or made worse by, the
2    actions of the Defendants' debt collection activities:

3    1.  Sleeplessness                                                                    YES  NO
     2.  Fear of answering the telephone                                                  YES  NO
4    3.  Nervousness                                                                      YES  NO
     4.  Fear of answering the door                                                       YES  NO
5    5.  Embarrassment when speaking with family or friends                               YES  NO
     6.  Depressions (sad, anxious, or "empty" moods)                                     YES  NO
6    7.  Chest pains                                                                       YES  NO
     8.  Feelings of hopelessness,  pessimism                                             YES  NO
7    9.  Feelings of guilt, worthlessness, helplessness                                   YES  NO
     10. Appetite and/or weight loss or overeating and weight gain                        YES  NO
8    11. Thoughts of death, suicide or suicide attempts                                   YES  NO
     12. Restlessness or irritability                                                     YES  NO
9    13. Headache, nausea, chronic pain or fatigue                                        YES  NO
     14. Negative impact on my job                                                        YES  NO
10   15. Negative impact on my relationships                                              YES  NO

11   Other physical or emotional symptoms I believe are associated with abusive debt collection
12   activities:_____
13   _____
14   _____
15   _____
16   _____.

17   Pursuant to 28 U.S.C. §1746(2), I hereby declare (or certify, verify or state) under penalty
18   of perjury that the foregoing is true and correct.

     Dated: March 26, 2012
19
                                                  _____
20                                                Signed Name

21                                                _____
                                                         Loretta Khachatryan
                                                         Printed Name
22

23

24

25

26

27

28